UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00228-FDW-DSC

| | |
|---|---|
| JAMAAL GITTENS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EQUIFAX, )<br>)<br>Defendant. )<br>) | ORDER |

This matter is before the Court on Plaintiff's "Motion for Summarry [sic] Judgment." (Doc. No. 9.) Plaintiff, who appears *pro se* in this matter, argues that Defendant Equifax[1] "hasn't responded to the complaint within the time allowed pursuant to Federal Civil procedures [sic] Rule 12 . . . ." (Doc. No. 9, p. 1.) The instant motion, as written, provides neither sufficient evidence nor sufficient legal argument to warrant the relief requested by Plaintiff.

Moreover, a review of the docket indicates that Defendant Equifax was never properly served. Despite Plaintiff's "Affidavit," (Doc. No. 4, p. 2), the purported proof of service fails to indicate Defendant Equifax actually received the certified mailing allegedly sent by Plaintiff (Doc. No. 4, p. 4). The certified mail form attached to Plaintiff's proof of service affidavit fails to indicate a signature or any other marking by Equifax tending to show it was received at the address listed on the left side of the card. Accordingly, Plaintiff's "Affidavit" that he served Equifax by certified mail is unsubstantiated.

Rule 4(m) of the Federal Rules of Civil Procedure provides, "If a defendant is not served

---

[1] Plaintiff also filed this action against TransUnion; however, Plaintiff subsequently voluntarily dismissed his claims against that Defendant. (See Doc. No. 10.)

within 90 days after the complaint is filed, the court—on motion or on its own motion after notice to the plaintiff—must dismiss the action without prejudice . . . ." Plaintiff filed this case on May 9, 2016, and the deadline for service expired months ago. Because the Court finds PLaintiff's purported proof of service to be deficient and because the time for otherwise serving Defendant Equifax has long passed, Plaintiff has failed to comply with Rule 4(m).

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ." Since Defendant Equifax has been served, it is not available to make such a motion. Moreover, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute. . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). "[A]side from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Erline Co., 440 F.3d at 654.

For these reasons, the Complaint is DISMISSED for failure to comply with Federal Rules of Civil Procedure 4(m) and failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that Plaintiff's case is DISMISSED *without prejudice* for the reasons stated herein. The Clerk is respectfully DIRECTED to CLOSE THE CASE.

Signed: October 13, 2016

Frank D. Whitney
Chief United States District Judge