UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00228-FDW-DSC

| | | |
|---|---|---|
| JAMAAL GITTENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| EQUIFAX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court, *sua sponte*, concerning the status of this case. Following the Opinion from the Fourth Circuit Court of Appeals in this matter: <u>Gittens v. Equifax</u>, No. 16-2256 (4th Circ. May 1, 2017), which vacated and remanded this Court's prior order of dismissal (Doc. No. 11), this Court directed Plaintiff to SHOW CAUSE that he has complied with the Federal Rules of Civil Procedure regarding service of summons and complaint to Defendant Equifax (Doc. No. 18).

Without any explanation or offer of argument, Plaintiff resubmitted the same materials originally submitted attempting to show proof of service on Equifax (<u>compare</u> Doc. No. 4, p. 4 <u>with</u> Doc. No. 19, p. 2), including the return certified mail card, with a very light stamp appearing in the signature block. The return certified mail card indicates it was sent to an address of "Equifax Information Service, PO Box 743256 Atlanta GA 30374." (Doc. No. 19). Plaintiff contends the light stamp indicates receipt at the address served by Plaintiff on May 25, 2016. Defendant Equifax has never appeared in this Court, nor did Equifax enter an appearance in this matter on appeal to the Fourth Circuit Court of Appeals.

In his prior filing and the response to the Show Cause Order submitted on remand, Plaintiff does not make any argument regarding service on an officer, a managing or general agent, or other agent authorized to accept service of process in accordance with Federal Rules of Civil Procedure 4(h). Likewise, the return certified mail card does not indicate it was addressed to an officer, a managing or general agent, or other agent authorized to accept service of process.

Under the rules governing service of process, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003); see also Plant Genetic Systems v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).

Service of process in this case is controlled by both North Carolina law, where this Court is located, as well as Georgia law, as the state where service was attempted to be made on Defendant Equifax. Fed.R.Civ.P. 4(e) ("[A]n individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."); Fed.R.Civ.P. 4(h) (applying Fed.R.Civ.P. 4(e)(1) to service on corporate defendants).

Under North Carolina law, service on corporate defendants may be effectuated by sending the summons and complaint by certified mail *addressed* to "the officer, director or agent to be served." N.C. Gen. Stat. § 1A-1; N.C. R. Civ. P. 4(j)(6)(c).

The proper methods of service on corporations are to either (1) "deliver a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process," or (2) follow the state law rules for effecting service. Fed.R.Civ.P. 4(h)(1). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and of the complaint to either "an officer, director, or managing agent of the corporation," someone who appears to

be in charge of that person's office, or to the person authorized to accept service for
the corporation.  N.C. R. Civ. P. 4(j)(6).

Brown v. Blue Cross and Blue Shield of North Carolina, 226 F.R.D. 526, 528 (M.D.N.C. 2004);
see also Sweeting v. Wells Fargo Bank, 2017 WL 3923978 (2017) (dismissing complaint filed by
pro se plaintiff for failure to comply with Federal Rules of Civil Procedure and North Carolina
Rules of Civil Procedure in serving the defendant).

The uncontested record shows Plaintiff did not attempt to serve process upon an
appropriate officer, director, managing agent, or authorized agent of Defendant Equifax.  Indeed,
Plaintiff has failed to show he designated any individual either in the summons or on the envelope
to be served on Defendant's behalf.  Summons issued to a corporation without the identification
of an officer, director, or managing or authorized agent is defective on its face.  Lane v. Winn-
Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) ("A review of the summons
demonstrates that plaintiffs failed to designate any person authorized by Rule 4(j)(6) to be served
on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly,
the summons was defective on its face.")).

Similarly, without directing that service be made on a specific person, Plaintiff's purported
service on "Equifax" fails to comply with the service requirements of Rule 4(j) of the Federal
Rules of Civil Procedure.  See Adams v. GE Money Bank, No. 1:06cv00227, 2007 WL 1847283,
at *2-3 (M.D.N.C. June 25, 2007) (dismissing action where pro se plaintiff mailed summonses
addressed to two defendants, a corporation and a partnership, without directing the summonses to
the statutory recipients); Shaver v. Cooleemee Volunteer Fire Dep't, No. CIV.A. 1:07CV00175,
2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (same).  Moreover, although Rule 4(j) also
permits service "in the manner prescribed by [North Carolina] law for serving a summons or other

like process upon any such defendant," Plaintiff did not comply with the applicable North Carolina law for the same reasons. See N.C. R. Civ. P. 4(j)(6).

The same result occurs under Georgia law. See Mann v. Ameris Bank, 2017 WL 6629261, at *3 (M.D. Ga. 2017). Similar to the plaintiff in Mann, Plaintiff here mailed by certified mail a copy of his complaint and summons to Defendant's P.O. Box. (See Doc. No. 19, p. 2.) However, service by mail without the defendant's execution of an acknowledgement of the waiver of service is an improper form of service under federal, North Carolina, and Georgia laws. See id. (citing Fed. R. Civ. P. 4(d); Fitzpatrick v. Bank of N.Y. Mellon, 580 Fed.Appx. 690, 693-94 (11th Cir. 2014) (absent waiver of formal service, effecting service by mail is improper under the Federal Rules of Civil Procedure and Georgia law); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail . . . .")). There is no indication here that Plaintiff requested a waiver of service from Defendant, and it does not appear Defendant has waived formal service. Thus, mailing a copy of the summons and complaint to a P.O. Box maintained on behalf of Defendant was ineffective service and dismissal for insufficient service of process is warranted on these grounds under applicable Georgia law. See, e.g., Dyer v. Wal-Mart Stores, Inc., 318 Fed.Appx. 843, 844 (11th Cir. 2009); Igbinigie v. Wells Fargo Bank, N.A., 2008 WL 4862597, at *2-3 (M.D. Ga. 2008).

Additionally, Rule 4 unequivocally states that service must be made by a person who is not a party to the lawsuit. See Fed. R. Civ. P. 4(c)(2). The record reflects "Jamal Gittens" as the "Sender" of the summons and complaint to Defendant's P.O. Box in Atlanta, Georgia. (See Doc. No. 4, pp. 1-2.) Because Plaintiff is a party to this lawsuit, he was an improper person to effect

service on his behalf. Accordingly, dismissal of Plaintiff's Complaint for insufficient process is also proper on this ground. See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (district court's dismissal was proper when the plaintiff himself attempted serve process through the mail); Pitts v. O'Geary, No. 5:13-CV-116-D, 2014 WL 229350, at *4 (E.D.N.C. Jan. 21, 2014) (noting Rule 4(c)(2) applies when mailing service of process; "only a nonparty can place the summons and complaint in the mail. . . . The rule contains no mailing exception to the nonparty requirement for service." (collecting cases)).

Although Plaintiff is proceeding pro se, he is held to the same standards regarding service of process:

> The filing of a lawsuit is a serious event. . . . Service rules are structured to ensure due process and uniformity in the application of procedures which alert those receiving a corporation's mail that the enclosed lawsuit demands prompt attention. These rules apply equally to litigants proceeding with or without counsel. Service of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred.

Shaver v. Cooleemee Volunteer Fire Dep't., No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. 2008) (citing Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005); Hoyle v. United Auto Workers Local Union 5285, 444 F.Supp.2d 467, 474 (W.D.N.C. 2006)). The Supreme Court has explained the Rules of Civil Procedure apply to all parties before the Court, including pro se litigants in civil cases:

> Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), *we have never suggested that procedural rules in ordinary civil*

> *litigation should be interpreted so as to excuse mistakes by those who proceed*
> *without counsel.* As we have noted before, "in the long run, experience teaches that
> strict adherence to the procedural requirements specified by the legislature is the
> best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver,
> 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993)

(emphasis added); see also Sweeting, 2017 WL 3923978 *3.

Finally, the Court notes that pursuant to the applicable statute of limitations, dismissal at

this juncture would bar Plaintiff's claims here. See 15 U.S.C. § 1681p (noting a claim under the

Fair Credit Report Act must be brought "not later than the earlier of (1) 2 years after the date of

discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the

date on which the violation that is the basis for such liability occurs."). In light of the two year

statute of limitations here, dismissal *without prejudice* by the Court would—in effect—be *with*

*prejudice* in this case absent application of equitable tolling principles.

Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all

for an entirely common state of affairs." Wallace v. Kato, 549 U.S. 384, 396, 127 S.Ct. 1091, 166

L.Ed.2d 973 (2007). The Fourth Circuit has stated that equitable tolling is available only in "those

rare instances where—due to circumstances external to the party's own conduct—it would be

unconscionable to enforce the limitation period against the party and gross injustice would result."

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330

(4th Cir. 2000)). Equitable tolling is only appropriate where a plaintiff demonstrates "(1)

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

prevented him from filing on time." Id. The Court finds that equitable tolling is appropriate due

to the unusual factors in the instant case, including the procedural history of this case involving

dismissal, appeal, remand, and additional review here prior to issuing this Order of dismissal, all of which was beyond the control of Plaintiff. The Court will therefore toll the statute of limitations for thirty (30) days from the issuance of this Order. To be clear, **if Plaintiff seeks to prosecute his claim against Equifax, he must file a new action – and resubmit any motion to proceed in forma pauperis, if applicable – no later than December 5, 2019. Failure to refile by this deadline will bar Plaintiff's claims asserted under this Complaint** (Doc. No. 1).

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice for insufficient service of process. The Court finds equitable tolling of the statute of limitations to be appropriate and hereby TOLLS the statute of limitations for an additional thirty (30) days from the date of this Order. The Clerk is respectfully DIRECTED to CLOSE THIS CASE. Plaintiff may file a new action reasserting the claim in this action against Equifax no later than December 5, 2019.

IT IS SO ORDERED.

Signed: November 5, 2019

Frank D. Whitney
Chief United States District Judge